# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARCUS XAVIER LOPEZ,<br><br>    Plaintiff,<br><br>v.<br><br>CITY OF CERES, et al.,<br><br>    Defendants. | Case No. 1:18-cv-00354-AWI-BAM<br><br>FINDINGS AND RECOMMENDATIONS REGARDING DISMISSAL OF ACTION FOR THE FAILURE TO OBEY COURT ORDERS AND FAILURE TO PROSECUTE<br><br>(Doc. Nos. 5, 6)<br><br>**FOURTEEN (14) DAY DEADLINE** |

**I.    Background**

Plaintiff Marcus Xavier Lopez, proceeding through counsel, initiated this civil rights action on March 12, 2018. (Doc. No. 1.) Summonses and civil new case documents were issued the same day, and the Court set an Initial Scheduling Conference for June 5, 2018, before the undersigned. (Doc. Nos. 2, 3.)

As of May 31, 2018, no proofs of service had been filed and no defendants had appeared in the action. The Court therefore converted the Initial Scheduling Conference to a telephonic status conference. (Doc. No. 4.)

On June 5, 2018, the Court held a telephonic status conference with Plaintiff's counsel, Mina Lee Ramirez of the Law Offices of Mina L. Ramirez. Ms. Ramirez appeared by telephone and reported that the summons and complaint were out for service on defendants. Accordingly, the Court ordered Plaintiff, within thirty (30) days, to either file a status report updating the Court regarding the status of service or file proofs of service demonstrating that service had been

1

effectuated on defendants. The Court also advised counsel that the failure to comply with the Court's order may result in the imposition of sanctions. (Doc. No. 5.)

Plaintiff's counsel failed to file a status report or proofs of service in compliance with the Court's order. Accordingly, on August 10, 2018, the Court issued an order for Plaintiff to show cause why the Court should not impose sanctions, which could include a recommendation for dismissal, based on the failure to comply with court orders and the failure to prosecute this action. The Court directed Plaintiff to file a response to the show cause order in writing no later than August 20, 2018. Plaintiff again was warned that the failure to comply with the order would result in the imposition of sanctions. (Doc. No. 6.)

The deadline for Plaintiff to respond to the Court's order to show cause has passed, and Plaintiff has neither complied with the order or otherwise responded to the Court. Plaintiff also has failed to comply with Federal Rule of Civil Procedure 4, which requires service on defendants within 90 days after the complaint is filed, even after the Court allowed for additional time to complete service. Fed. R. Civ. P. 4(m) ("If a defendant is not served within 90 days after the complaint is filed, the court –on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time.")

**II.     Discussion**

Local Rule 110 provides that "[f]ailure . . . of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions . . . within the inherent power of the Court." District courts have the inherent power to control their dockets and "[i]n the exercise of that power they may impose sanctions including, where appropriate, . . . dismissal." *Thompson v. Housing Auth.*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules. *See, e.g.*, *Ghazali v. Moran*, 46 F.3d 52, 53–54 (9th Cir. 1995) (dismissal for noncompliance with local rule); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); *Malone v. U.S. Postal Serv.*, 833 F.2d 128, 130–33 (9th Cir. 1987)

(dismissal for failure to comply with court order).

In determining whether to dismiss an action, the Court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the Court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions. *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986); *Carey v. King*, 856 F.2d 1439, 1440 (9th Cir. 1988).

Here, this action has been pending since March 2018, and service on the defendants is overdue. The Court cannot hold this case in abeyance awaiting compliance with the Court's orders by Plaintiff, and compliance with the Federal Rules of Civil Procedure regarding service. Thus, the Court finds that both the first and second factors weigh in favor of dismissal.

The third factor, risk of prejudice to defendant, also weighs in favor of dismissal, since a presumption of injury arises from the occurrence of unreasonable delay in prosecuting an action. *Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor usually weighs against dismissal because public policy favors disposition on the merits. *Pagtalunan v. Galaza*, 291 F.3d 639, 643 (9th Cir. 2002). However, "this factor lends little support to a party whose responsibility it is to move a case toward disposition on the merits but whose conduct impedes progress in that direction," which is the case here. *In re Phenylpropanolamine (PPA) Prods. Liab. Litig.*, 460 F.3d 1217, 1228 (9th Cir. 2006) (citation omitted).

Finally, a court's warning to a party that failure to obey the court's order will result in dismissal satisfies the "considerations of the alternatives" requirement. *Ferdik*, 963 F.2d at 1262; *Malone*, 833 at 132–33; *Henderson*, 779 F.2d at 1424. The Court's order of June 5, 2018 expressly warned Plaintiff that the failure to comply with that order might result in sanctions. (Doc. No. 5.) Further, the Court's August 10, 2018 order to show cause expressly warned Plaintiff that failure to comply with that order would result in the imposition of sanctions, which may include a recommendation to dismiss this action. (Doc. No. 6 at 2.) Thus, Plaintiff had adequate warning that dismissal could result from noncompliance.

Additionally, at this stage in the proceedings there is little available to the Court which would constitute a satisfactory lesser sanction while protecting the Court from further

3

unnecessary expenditure of its scarce resources. The Court believes that monetary sanctions against counsel, the preclusion of evidence or witnesses, or any lesser sanction would be of little use and likely to have no effect given that counsel has ceased litigating this case and has stopped responding to the Court's orders. Although the fault here appears to lie solely with counsel, Plaintiff may not be excused from his lawyer's dilatory conduct or deficient lawyering. *See*, *e.g.*, *Varnado v. ABM Industries, Inc.*, No. C-07-00804 CRB, 2007 WL 2915027, at *3 (N. D. Cal. Oct. 5, 2007) (finding plaintiff's complaint subject to dismissal based on conduct of her attorney in prior action; noting plaintiff's remedy may lie in malpractice action against her lawyer).

### III. Conclusion and Recommendation

Accordingly, for the reasons explained above, it is HEREBY RECOMMENDED that this action be dismissed for the failure to obey a court order and the failure to prosecute.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **fourteen (14) days** after being served with these Findings and Recommendations, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: __August 23, 2018__    /s/ *Barbara A. McAuliffe*
UNITED STATES MAGISTRATE JUDGE